IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Steven A. Brown<br><br>11000 Richmond Avenue, Suite 600<br>Houston, Texas 77042<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>U.S. Citizenship and Immigration Services<br><br>Office of the Chief Counsel<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009<br><br>　　　　　　　　Defendant. | C/A No.: 1:23-cv-03669 |

# COMPLAINT

Plaintiff Steven Brown brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 to compel Defendant United States Citizenship and Immigration Service ("USCIS") to timely comply with a FOIA request. Between June 2023 and October 2023, Plaintiff filed three FOIA requests for documentation and data in the Defendant's possession. Unfortunately, to date, the Defendant has not provided any documentation. Defendant has violated the mandatory FOIA deadlines by failing to either respond to the Plaintiff's request within the 20-business day time limit or disclose the requested documents. The Plaintiff now asks the Court to order Defendant to respond to the request and to disclose all responsive records improperly withheld.

1.  PARTIES

1. Plaintiff Steven A. Brown is a citizen and national of the United States. Plaintiff Steven Brown maintains an office in Houston, Texas.

2. Defendant USCIS is a federal agency within the U.S. Department of Homeland Security that enforces federal laws over immigration benefits. Defendant USCIS is the custodian of the records sought in the FOIA request. USCIS is headquartered at One Capital Gateway Drive, Camp Springs, Maryland, 20746.

JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B).

4. This Court also has jurisdiction over this action as a federal question under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

6. The District Court for the District of Columbia has jurisdiction over all claims involving the Freedom of Information Act. 5 U.S.C. § 552(a)(4)(B)

STATUTORY FRAMEWORK

7. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

8. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents. 5 U.S.C. § 552(a)(6)(A).

9. An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

10. The determination "must at least inform the requester of the scope of the documents that

the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 771 F.3d 180, 186 (D.C. Cir. 2013).

11. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

12. An agency shall make available a FOIA public liaison to aid the requestor in limiting the scope of the request so that it may be processed within the statutory time limit. 5 U.S.C. § 552(a)(6)(B)(ii).

13. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

14. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

15. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

**FACTS**

16. On June 6, 2023, Plaintiff filed a request through Defendant's online FOIA request program ("Request 1"). Plaintiff was issued control number COW2023003964. *See* **Exhibit A.**

17. Request 1 requested data pertaining to the FY 2016-FY 2023 H-1B cap and all internal guidance on the revocation of cap-subject petitions and the reallocation of visas.

18. To date, USCIS has not provided any response to Request 1.

19. On October 26, 2023, Plaintiff filed a request through Defendant's online FOIA request program ("Request 2"). Plaintiff was issued control number COW2023007299. *See* **Exhibit B.**

20. Request 2 requested a list of all USCIS field office directors, field office immigrant visa (adjustment of status) adjudicators, and their contact information. This information is important as USCIS stakeholders have no ability to contact the field offices, and main USCIS customer service methods do not provide necessary clarity.

21. To date, USCIS has not provided any response to Request 2.

22. On October 31, 2023, Plaintiff filed a request through Defendant's online FOIA request program ("Request 3"). Plaintiff was issued control number COW2023007478. *See* **Exhibit B.**

23. Request 3 requested data and policies related to employment-based Form I-485s and adjustment of status.

24. To date, USCIS has not provided any response to Request 3.

25. USCIS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and therefore must comply with the nondiscretionary statutory requirements of FOIA.

26. To date, USCIS has not provided any response to any of the requests.

27. USCIS's FOIA request program shows an estimated completion date of all requests. Request 1 does not list an estimated completion date, but is currently number 240 out of 301 pending requests. Request 2 was estimated to be complete on November 14, 2023, but is number 1059 out of 1223 pending requests. Request 3 was estimated to be complete on November 17, 2023, but is number 1068 out of 1223 pending requests. It stands to reason that the defendant has no intention of complying with the FOIA statutory deadlines.

28. The statutory deadline for USCIS to respond to the Request passed on April 24, 2023

with no response.

29.     The statutory deadline for USCIS to respond to all three Requests has passed. The statutory deadline for the most recently filed request, Request 3, passed on December 4, 2023.

30.     As of the filing of this Complaint, Defendant has not produced any responsive documents. USCIS has not objected to the Requesst nor provided any detailed information regarding specific circumstances preventing the disclosure of the records sought.

31.     Where Defendant has failed to provide any substantive responses to the Request within the statutory timeframe, it has constructively denied the Request. As such, the Plaintiff has exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

32.     The Plaintiff has a legal right to the requested records. Defendant has improperly withheld those records, forcing the Plaintiff to file suit to enforce its rights under FOIA.

33.     The Plaintiff has a compelling and immediate need for the information requested.

## FIRST CAUSE OF ACTION
### (Failure to Respond to Request Within Statutory Timeframe)

34.     The Plaintiff alleges and incorporates the foregoing paragraphs as if set forth in full.

35.     Plaintiff filed the three Requests addressed above.

36.     USCIS has unlawfully withheld such documents.  5 U.S.C. § 552(a)(6)(A)(i).

37.     Plaintiff is entitled to an order compelling USCIS to provide all of the requested documents.  5 U.S.C. § 552(a)(4)(B).

38.     Plaintiff is entitled to reasonable attorney's fees and costs even if USCIS settles this claim by producing the documents during litigation.  5 U.S.C. § 552(a)(4)(E)(i).

## SECOND CAUSE OF ACTION
### (Failure to Produce Responsive Records)

39.     The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth in full.

40. Defendant failed to make reasonable efforts to search for records responsive to the three Requests, in violation of the Plaintiff's rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(3).

41. Defendant failed to disclose and produce any records responsive to the three Requests, in violation of the Plaintiff's rights to those records under FOIA, including but not limited to 5 U.S.C. § 552(a)(3)(A).

42. Defendant failed to disclose and produce records responsive to the three Requests without a legal basis for withholding such records, in violation of FOIA, including but not limited to 5 U.S.C. §§ 552(a)(3)(A) and (6)(A).

43. The Plaintiff is entitled to its reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

44. Expedite its consideration of this action pursuant to 28 U.S.C. § 1657;

45. Find that Defendant's failure timely to respond or disclose records was unlawful;

46. Order Defendant to search for and promptly disclose all records responsive to the Plaintiff's Requests;

47. Award the Plaintiff's attorneys' fees and costs; and

December 8, 2023                                                                                       Respectfully Submitted,

s/ Bradley Banias
BRADLEY BANIAS
Banias Law, LLC
P.O. Box 20789
Charleston, SC 29413

843.352.4252
brad@baniaslaw.com

Attorney for Plaintiff