**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**STEVEN A. BROWN**,

*Plaintiff*,

**v.**

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES**,

*Defendant*.

**Case No. 23-cv-3669-RCL**

**MEMORANDUM OPINION**

On December 8, 2023, Plaintiff Steven A. Brown filed this action against Defendant United States Citizenship and Immigration Service ("USCIS") under the Freedom of Information Act ("FOIA"), alleging that USCIS had failed to timely respond to two of Brown's FOIA requests. However, USCIS still had several days to respond—until December 11th and December 14th, respectively—because USCIS had properly invoked the FOIA's statutory 10-day extension. On that basis, on February 28, 2024, USCIS filed a motion to dismiss for Brown's failure to exhaust administrative remedies. To cure his premature complaint, Brown filed an amended complaint on March 8, 2024, acknowledging that the original complaint was arguably premature by a couple of days—but noting that by this point, the deadlines for USCIS to respond had long since passed.

USCIS filed a new partial motion to dismiss, now pending before this Court, arguing that the amended complaint cannot cure Brown's initial failure to exhaust. On the same day this motion was filed, Brown submitted a new FOIA request that essentially duplicated his first two. Upon the lapse of the FOIA statutory deadline for this new request, Brown filed a "Notice of Agency Inaction and Supplement to Response to Motion to Dismiss," which USCIS has urged this Court to disregard.

For the reasons contained herein, the Court will **DENY** the defendant's 12(b)(6) partial motion to dismiss and will **STRIKE** the plaintiff's Notice of Agency Inaction as procedurally improper.

## I. BACKGROUND

In 2023, Plaintiff Steven A. Brown filed three separate FOIA requests to USCIS: one on June 6, another on October 26, and a third on October 31. The requests at issue are the two October requests. In his October 26 request, Brown sought a list of all USCIS field office directors, field office immigrant visa adjudicators, and their contact information. Am. Compl. ¶ 20, ECF No. 7. In his October 31 request, he sought additional data and policies related to employment-based Adjustment of Status applications. *Id.* ¶ 23. USCIS responded on the same day each of those requests were received, acknowledging receipt and notifying Brown that the agency would require an additional ten working days to issue its determinations on the requests "due to unusual circumstances," as it was permitted to do under 5 U.S.C. § 552(a)(6)(B). October 26 Letter, ECF No. 1-3; October 31 Letter, ECF No. 1-4. Specifically, USCIS informed Brown that the requests would necessitate "locat[ing], compil[ing], and review[ing] responsive records from multiple offices, both at headquarters and in the field," and consulting with other agencies. *Id.* No further actions were taken by Brown. With the 10-day extension, properly excluding weekends and legal public holidays, the new statutory deadlines were December 11, 2023, and December 14, 2023. Mot. to Dismiss Am. Compl., ECF No. 8, at 5.

On December 8th, having received no further response to his requests, Brown filed this action. Compl. at 1. In his original complaint, Brown was apparently under the impression that USCIS was not owed the extension, referring to the 20-day timeframe and incorrectly identifying the deadline for USCIS's response as December 4, 2023. Compl. ¶ 29. In response to this complaint, USCIS filed a partial motion to dismiss on February 28, 2024, alleging that Brown

failed to exhaust administrative remedies since he filed the action before the extended deadlines had passed. Mot. to Dismiss, ECF No. 6. On March 8, 2024, Brown filed an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B), alleging that the statutory deadlines for all three requests had long passed, even factoring in the 10-day extension. Am. Compl. at 1.

On March 22, 2024, USCIS filed a partial motion to dismiss the amended complaint, now pending before this Court. Mot. to Dismiss Am. Compl. at 5. The agency asserts that Brown failed to exhaust administrative remedies for the two October 2023 requests before he sought judicial review by suing too early, before the 10-day extension had run. *Id.* Additionally, it argues that Brown's amended complaint does not change the fact that Brown failed to exhaust administrative remedies at the time he originally filed the lawsuit on December 8, 2023. *Id.* Brown argues in his opposition that his initial complaint was no longer operative and that the Court should instead determine exhaustion at the time of the amended complaint, filed on March 8, 2024. Resp. to Mot. to Dismiss, ECF No. 9. USCIS counters that the operative time for purposes of exhausting a FOIA request is when the lawsuit is originally filed. Reply to Opp'n, ECF No. 12.

Brown filed a new FOIA request on March 22, 2024, the same day that USCIS filed its motion to dismiss the amended complaint. ECF No. 13, Ex. 1. This new FOIA request virtually duplicated the two October requests, and USCIS again claimed the 10-day extension. *Id.* Two months later, on May 23, 2024, Brown filed a "Notice of Agency Inaction and Supplement to Response to Motion to Dismiss," in which he alleges that USCIS had violated the 30-day time limit with respect to this March FOIA request. Notice of Agency Inaction ("Notice"), ECF No. 13, at 1. On June 7, 2024, USCIS responded that the Court should "strike or otherwise deny or disregard" Brown's "surreply" as procedurally improper, and argued further that USCIS has no

obligation to respond to the duplicate request when the October requests still remain at issue in this lawsuit. Resp. to Supp. Brief, ECF No. 14.

In sum, now pending in this dispute is USCIS's Partial Motion to Dismiss the First Amended Complaint ("Mot. to Dismiss Am. Compl."), ECF No. 8,[1] to which an opposition ("Resp. to Mot. to Dismiss"), ECF No. 9, and reply ("Reply to Opp'n"), ECF No. 12, have been filed. Brown's Notice of Agency Inaction ("Notice"), ECF No. 13, and the USCIS's Response ("Resp. to Notice"), ECF No. 14, are also before this Court. USCIS's Partial Motion to Dismiss the First Amended Complaint is therefore ripe for this Court's review, and additionally, the Court will address the Notice of Agency Inaction.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6): Motion to Dismiss for Failure to State a Claim in the FOIA Context

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of an action when a plaintiff fails to plead facts that, if accepted as true, suffice to state "a claim . . . that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and "upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The plaintiff must allege enough to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court considering a 12(b)(6) motion to dismiss must accept the factual allegations in the complaint as true for purposes of the motion. *Id.* Despite this liberal standard, a court must not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Id.* (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

[1] USCIS's initial Partial Motion to Dismiss, ECF No. 6, is also pending, but the outcome will be the same as the Partial Motion to Dismiss the First Amended Complaint.

"A FOIA suit is subject to dismissal under Rule 12(b)(6) . . . if a plaintiff fails to exhaust his administrative remedies." *Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003). After a person submits an initial FOIA request, the agency has twenty working days from the date of receipt to respond with a "determination," notifying the requester whether it will comply in full with his request and of his right to an administrative appeal. 5 U.S.C. § 522(a)(6)(A)(i). If an agency fails to respond to an initial FOIA request within the statutory deadline, the requester is said to have "constructively" exhausted his administrative remedies and may sue. *See Barouch v. U.S. Dep't of Just.*, 962 F. Supp. 2d 30, 49 (D.D.C. 2013).

Because FOIA's administrative exhaustion requirement "is prudential rather than jurisdictional, a court is not barred from hearing a claim that has not been exhausted." *Leinenbach v. U.S. Dep't of Just.*, No. 05-cv-0744 (GK), 2006 WL 1663506, at *6 (D.D.C. June 14, 2006). That said, when a plaintiff fails to exhaust administrative remedies, dismissal is the norm. *See Lewis v. U.S. Dep't of Just.*, 733 F. Supp. 2d 97, 106 (D.D.C. 2010) ("[A] FOIA suit generally cannot proceed if a plaintiff fails to exhaust his administrative remedies."); *Nat'l Sec. Counselors v. CIA*, 931 F. Supp. 2d 77, 99 (D.D.C. 2013) ("Failure to exhaust administrative remedies is *not* a mere technicality . . . ."); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61–62 (D.C. Cir. 1990) ("Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts."). In deciding whether to dismiss for failure to exhaust administrative remedies, courts consider whether allowing the suit to proceed would "undermin[e] the purposes and policies underlying the exhaustion requirement, namely, to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise and to compile an adequate record for review." *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004).

## III. ANALYSIS

### A. Although Brown Initially Failed to Exhaust Administrative Remedies, His Amended Complaint Cures the Premature Complaint.

#### 1. Brown's First Complaint Was Defective for Failure to Exhaust Administrative Remedies.

To properly exhaust administrative remedies in the FOIA context, after submitting the request, the requester must wait for the statutory time period—typically, twenty working days—to allow the agency to review their request and come to a determination. 5 U.S.C. § 552(a)(6)(A)(i). In "unusual circumstances," the agency can take ten additional working days to respond. 5 U.S.C. § 552(a)(4)(A)(viii)(II). Unusual circumstances under FOIA include "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request," "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records," and "the need for consultation . . . with another agency." 5 U.S.C. § 552(a)(6)(B)(iii)(I)-(III).

Here, while Brown initially appeared to believe he had constructively exhausted his administrative remedies before filing suit, he now acknowledges that he was "premature" and "a few days early." Resp. to Mot. to Dismiss at 1. And even if Brown did not acknowledge the untimeliness of his December 8th Complaint, this Court would still find as much, as the USCIS properly informed Brown of the unusual circumstances that necessitated taking ten extra days to respond. As detailed in USCIS's acknowledgements to Brown's requests, due to the widespread nature of the documents sought and the need to contact other agencies, USCIS required those ten extra days and was authorized to claim them. Oct. 26 Letter at 2; Oct. 31 Letter at 3. Brown did not contest this extension, but rather, simply acted as though it did not apply and proceeded to file suit as though the original 20-day limit was still in effect. Therefore, he had not constructively

exhausted his administrative remedies when he filed suit on December 8, 2023, as the 30-day periods for each request did not expire until December 11 and December 14, respectively. Am. Compl. at 1.

**2. Brown's Amended Complaint Now States a Claim of Untimeliness under FOIA.**

Although Brown's initial complaint was premature, his amended complaint was filed well after the constructive exhaustion period had begun, with still no determination from USCIS. This Court holds that Brown's amended complaint now states a claim under FOIA and allows him to sue on that basis.

Case law in this district directly points the Court to this conclusion. In *Judicial Watch, Inc. v. U.S. Dep't of Energy*, the plaintiff filed suit against multiple agencies even though the agencies still had seven days to respond the plaintiff's FOIA requests under the typical 20-day period. 191 F. Supp. 2d 138, 139 (D.D.C. 2002). The agencies filed a motion to dismiss and failed to respond to the FOIA requests for ten months. *Id.* at 140. The court nonetheless excused the plaintiff's premature complaint because, "by the time [plaintiff] filed its suit or by the time [the agencies] say it should have filed suit, seven days later," the plaintiff "had not received any substantive response." *Id.* The court permitted the plaintiff to file a supplemental complaint to allege that, by the 20-day deadline, the plaintiff had received no responses to its FOIA request, and therefore was deemed to have constructively exhausted its administrative remedies as of that date. *Id.* at 140.[2] Here, the facts are strikingly similar—USCIS did not respond to Brown's FOIA request by the 30-

[2] The Court notes that in *Judicial Watch*, one of the defendant-agencies invoked the 10-day extension, as the USCIS did here. *Jud. Watch*, 191 F. Supp. 2d at 139 n.1. However, unlike the USCIS, that agency provided a substantive response to the plaintiff's FOIA request within their extended deadline. If, as is the case here, the agency had let the extended deadline lapse after the premature filing, it seems logical that the plaintiff would have been deemed to have constructively exhausted his administrative remedies by the date of the extended deadline.

day deadline and has not done anything to issue a determination in the subsequent ten-plus months to date.

One procedural distinction is that in *Judicial Watch*, the plaintiff sought leave to file a supplemental complaint, which the court then granted. Here, Brown did not file a motion to supplement, but rather filed an amended complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). The key difference between an amendment and a supplement is that amendments "relate to matters that occurred prior to the filing" of the pleading to be amended, whereas supplements "set[ ] forth transactions or occurrences or events which have happened since" that pleading. *Thorp v. D.C.*, No. 15-cv-195 (JEB), 2016 WL 10833538, at *2 (D.D.C. Apr. 12, 2016) (quoting *Hall v. C.I.A.*, 437 F.3d 94, 100 (D.C. Cir. 2006) (emphasis added)). Here, it is true that the proper procedural vehicle for Brown would have been a motion to supplement pursuant to FRCP 15(d), since the new complaint sets out an "event that happened after the date of the pleading," namely the expiration of the time limit on his FOIA requests. Fed. R. Civ. P. 15(d). But the Court does not find this mistaken choice by Brown to be fatal to his case. It is established that a motion to amend a complaint may instead be treated as one to supplement when adding the subsequent constructive exhaustion of a particular FOIA request. *Bloche v. Dep't of Def.*, No. 7-cv-2050 (JMF), 2009 WL 1330388, at *3 (D.D.C. May 13, 2009) (treating a motion to amend as one to supplement). Here, Brown did not file a motion to amend because under FRCP 15(a), he was still able to amend once as a matter of course—his amended complaint was served within twenty-one days of USCIS's responsive pleading. *See* ECF Nos. 6-7. So, it follows that Brown's amended complaint should similarly be treated as a motion to supplement.

Supplemental pleadings may introduce new causes of action not alleged in the original complaint so long as their introduction does not create surprise or prejudice the rights of the

adverse party. *Montgomery Envtl. Coalition v. Fri*, 366 F. Supp. 261, 265–66 (D.D.C. 1973). "[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). And most importantly, the purpose of pleading "is to facilitate a proper decision on the merits," *Gil v. Neighbors' Consejo*, No. 19-cv-2197 (TSC), 2023 WL 4405002, at * (D.D.C. July 7, 2023) (citing *Dove v. Wash. Metro. Area Transit Auth.*, 221 F.R.D. 246, 247 (D.D.C. 2004)), and "avoid the dismissal of potentially meritorious claims due to procedural missteps." *Aftergood v. C.I.A.*, 225 F. Supp. 2d 27, 30 (D.D.C. 2002); *see also Jud. Watch*, 191 F. Supp. 2d at 139 ("Permitting a supplemental pleading here will 'promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party.'") (quoting *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989)). This wisdom guides the Court's decision here. Brown filed an amended complaint promptly (specifically, nine days after the USCIS's responsive pleading) to allege constructive exhaustion, and if he had instead filed a motion to supplement with the same contents, this Court readily would have granted it—supplementation here promotes a speedy disposition of this dispute and does not prejudice either party's rights. Based on these circumstances, the Court will treat Brown's amended complaint as the operative complaint.

USCIS relies on *Heritage Foundation v. U.S. Dep't of Just.* to argue for dismissal. *See* Mot. to Dismiss at 11-12. In *Heritage Foundation*, the FOIA requester received a determination from the agency within the statutory period—the agency had denied the request for failure to reasonably describe the records requested. *Heritage Foundation v. U.S. Dep't of Just.*, No. 23-cv-0330 (CJN), 2024 WL 1229487, at *1 (D.D.C. March 5, 2024). The plaintiff filed an administrative appeal and then sued on the twentieth day, rather than giving the agency the full

twenty days and suing on the twenty-first day. *Id.* The court noted that the plaintiffs "came close" to exhausting their administrative remedies, but that their suit was still premature "under the plain terms of the statute." *Id.* at *2. But here, by contrast, there is a key difference: USCIS never provided a determination to Brown's initial FOIA request and has indicated that it will not. Mot. to Dismiss at 16; Ex. 6. Thus, the procedural posture here more closely resembles that of *Judicial Watch*, discussed *supra*; *see also Aftergood*, 225 F. Supp. 2d at 30 (permitting the plaintiff to supplement his complaint with an as-yet unanswered FOIA request, although he moved to do so before the 20-day period elapsed; doing so would not unfairly prejudice defendant agency because discovery had not begun).

USCIS also expresses concern that a holding for Brown will remove any incentive for FOIA requesters to allow an agency time to respond before filing suit. *See* Reply to Opp'n at 2 ("[A]n individual could submit a FOIA request . . . and then immediately thereafter serve and file a lawsuit against that same agency in regard to the request on the same day, without consequence—so long as the requester at some point files an amended complaint."). The Court does not share this slippery slope concern. For one, there is no incentive for a plaintiff to sue in this manner—indeed, it only adds extra steps to their lawsuit. Moreover, when agencies respond to FOIA requests, then complaints—premature or timely—alleging a failure to respond would be vitiated. And finally, the parade of horribles that USCIS predicts fails to factor in that courts must always consider the purposes of exhaustion in analyzing a motion to dismiss for failure to exhaust. *Wilber*, 355 F.3d at 677. And when analyzing a motion to supplement or amend, courts must balance prejudice to the parties and the possibility of undue delay. *See, e.g.*, *Kolbusz v. F.B.I.*, No. 17-cv-0319 (EGS), 2023 WL 2072481, at *10 (D.D.C. Feb. 17, 2023) (upholding magistrate determination that risk of prejudice, undue delay, and burden to defendants weighed in favor of

denying plaintiff's motion to supplement). Presumably, such mandatory considerations would counsel against allowing a bad faith, overly litigious plaintiff to proceed against an agency that has not even had a chance to consider the request.[3]

Brown's requests have been pending for nearly eleven months with no response from USCIS. *See* Am. Compl. at 1. It would not be prejudicial or cause undue delay to proceed from this point: USCIS should already be familiar with Brown's requests by now and able to produce a determination. This Court sees no reason to delay this action any further. Therefore, USCIS's Partial Motion to Dismiss is denied.

**B. Brown's "Notice of Agency Inaction" is Struck.**

As mentioned above, Brown submitted a new FOIA request on March 22, 2024, duplicating the October requests. When USCIS failed to respond within the statutory timeframe, Brown filed a "Notice of Agency Inaction and Supplement to Response to Motion to Dismiss," asserting that "USCIS has no intent to comply with the statutory requirements of FOIA without judicial intervention." Notice at 2. Because the Court is ordering USCIS action regarding Brown's October FOIA requests, and the requests at issue in the Notice duplicate the October requests, it is not necessary to harp on the meaning of this filing either procedurally or substantively, and the Notice will be struck. That said, a few points merit attention.

USCIS maintains vehemently that USCIS had no obligation to respond to the duplicate FOIA request because the two unexhausted FOIA requests were still pending in this lawsuit. *See*

---

[3] USCIS makes final argument that this Court will address briefly: a plaintiff could file a FOIA request, the agency could immediately claim thirty working days to make their determination, but the plaintiff could sue that same day—and, because the agency has to respond to a complaint *within thirty days*, *see* 5 U.S.C. § 552(a)(4)(C), the agency would have to respond to the plaintiff's complaint before the deadline to issue the FOIA determination. *See* Reply to Opp'n at 3. But this situation is not relevant to this litigation—USCIS is just observing what it views as a quirk in the statute. By the statute's terms, in such a (highly unlikely) situation, USCIS is correct that an agency would have to move to dismiss a plaintiff's premature complaint before the constructive exhaustion deadline. That would be the case regardless of whether the plaintiff moved to amend or supplement after the constructive exhaustion deadline.

Resp. to Notice at 1. USCIS cites *Toensing v. U.S. Dep't of Justice* for this proposition, where the court rejected the plaintiffs' duplicative FOIA requests because the plaintiffs never appealed the agencies' determinations of their original FOIA requests. 890 F. Supp. 2d 121, 138-139. However, the same theme emerges here that has undermined nearly all of USCIS's contentions in this lawsuit: in *Toensing*, the agencies had *already provided* plaintiffs with a determination on their initial FOIA requests, so plaintiffs were obligated to pursue an internal appeal to fully exhaust. *Id.* But here, there is nothing for Brown to appeal because USCIS never made an initial determination on his October FOIA requests and has indicated several times that it will not.[4] In any event, it is not necessary for this Court to dive further into the merits of whether USCIS was obligated to respond to Brown's duplicate FOIA requests because USCIS is now obligated to respond to the October requests.

The Court also observes a separate procedural error by Brown which, if the Notice were to be considered substantively, would appear to invalidate it. The Local Civil Rules require that parties must confer "with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought" before filing a nondispositive motion. LCvR 7(m). Additionally, the motion must include a statement declaring that such a conference took place. *Id.* If a motion fails to comply with this rule, it should be denied. *See United States ex rel. K & R Ltd. P'ship v.*

[4] USCIS actually appears to have pulled a bait-and-switch against Brown, because USCIS had previously encouraged him to file a duplicative FOIA request. ECF No. 8 Ex. 5 (letter to Brown on March 22 stating "should you still wish to seek the records sought in [the October requests], you must submit new FOIA requests to USCIS"); *see also* Reply to Opp'n at 5 ("USCIS has informed Plaintiff that he could submit new FOIA requests to USCIS if he was still interested in seeking the records from his unexhausted October 2023 FOIA requests."). But, in responding to Brown's Notice, USCIS clarified that what it *meant* was, Brown was supposed to wait until this Court dismissed his unanswered October 2023 requests before filing a duplicate request. Resp. to Notice at 5 (arguing that the sequence must be "first the dismissal of claims based on the unexhausted requests from this lawsuit, and then the submission of new FOIA requests"). USCIS had not advised Brown to wait—and indeed, by this Court's reading, gave the impression that a duplicate request would cure the unexhausted October requests.

*Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006) (denying, pursuant to LCvR 7(m), a motion to strike as the movant did not discuss with opposing counsel beforehand).

Here, Brown's filing claims that "USCIS has not produced documents or responded to [his] new FOIA [request]" filed on March 22. Notice at 1. As this filing "set[s] out [an] . . . event that happened after the date of the pleading to be supplemented," *i.e.*, the lack of response to the duplicate FOIA request, it appears Brown's intention was to supplement his complaint with a new charge of untimeliness against USCIS. Fed. R. Civ. P. 15(d); *see Kolbusz*, 2023 WL 2072481, at *8 n.6 (considering a motion to amend the complaint to include a new lack of response to a FOIA request as a motion to supplement). But USCIS asserts that Brown did not attempt a conference before filing this notice, nor does the document include the required certification of such a conference, which is a violation of Local Rule 7(m). *See* Resp. to Notice at 2-3; Notice at 1. Because of this procedural violation, and also its immateriality in light of this Court's decision regarding the October FOIA requests, Brown's Notice of Agency inaction is struck.

## IV. CONCLUSION

For the foregoing reasons, this Court concludes that Brown has constructively exhausted his administrative remedies and his amended complaint adequately states a claim upon which relief can be granted. Accordingly, the Court will **DENY** defendant's Partial Motion to Dismiss First Amended Complaint (ECF No. 8), **DENY** defendant's Partial Motion to Dismiss (ECF No. 6), and **STRIKE** Brown's Notice of Agency Inaction (ECF No. 13). Brown's October FOIA requests are permitted to go forward, and USCIS is obligated to issue a determination.

A separate Order accompanies this Memorandum Opinion.

Date: September 20, 2024

Royce C. Lamberth
United States District Judge